CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
for Roanoke
FILED
DEC - 2 2010
JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| VINCE GILMER,<br>Plaintiff, | ) ) ) | Civil Action No. 7:10-cv-00527 |
| v. | ) ) | **MEMORANDUM OPINION** |
| DR. ASHAN, et al.,<br>Defendants. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff filed a motion for a Temporary Restraining Order ("TRO") against the defendants, medical service providers at a Virginia Department of Corrections ("VDOC") correctional facility. Plaintiff states that he suffers from an SSRI withdrawal syndrome, reactive hypoglycemia, and chronic gastroesophageal reflux disease ("GERD"). Plaintiff alleges in his complaint that the defendants do not adequately treat his medical needs, which constitutes cruel and unusual punishment. In his motion for a TRO, plaintiff requests that I order the defendants to transfer him to a VDOC correctional hospital in Marion, Virginia; permit him to bring his medical and legal files with him so he can teach VDOC staff about SSRI withdrawal syndrome; keep plaintiff in cell C62 until the transfer; allow him to carry extra food with him; allow him "canteen" and bowls to make his own food; and give him each day 60 milligrams of Prilosec, eight Rolaids, two extra strength Tylenol, and 100 milligrams of uncrushed Celexia handed directly to plaintiff.

A preliminary injunction is an extraordinary and drastic remedy. Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff fails to presently establish that he is likely to succeed based on the merits of the complaint. Plaintiff acknowledges throughout his complaint that the defendants meet with him to discuss his treatment, the defendants treated plaintiff but subsequently modified his treatment plans, and plaintiff disagrees with the medical professionals' opinions or treatments. However, these bases are not sufficient to sustain a § 1983 action. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (stating claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (stating a prisoner's disagreement with medical personnel over the course of his treatment does not state a § 1983 claim). Furthermore, plaintiff indicates that he did not file any grievances about the subject of this litigation, but plaintiff must exhaust administrative remedies prior to the suit to succeed on the merits. See 42 U.S.C. § 1997e(a). Moreover, the defendant medical providers do not have the authority to order plaintiff's transfer from one VDOC facility to another; that power belongs to the VDOC's administrative officers.

Plaintiff also fails to sufficiently describe an impending irreparable harm without a preliminary injunction. Plaintiff acknowledges that the time for him to draft and file state habeas corpus pleadings has expired and speculates without support about various medical scenarios that could happen to him. See Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) ("a future or conjectural threat of injury is insufficient to justify injunctive relief"). Plaintiff also fails to

2

establish how ordering his transfer from one VDOC facility to another VDOC facility is in the public's interest, especially since prisoners do not have any right to be housed in a particular facility. See Meachum v. Fano, 427 U.S. 215 (1976). Furthermore, involving a federal court in the day-to-day administration of a prison to dictate unfamiliar medical treatments is a course the judiciary generally disapproves of taking and creates risks to the patient and the VDOC. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Although plaintiff alleges that he suffer irreparable harm by ultimately dying with a hole in his esophagus, the TRO would also impose medical treatments that may be harmful or not required. The balance of equities do not adequately tip in plaintiff's favor to overcome the other factors because the qualified medical providers are presently more capable to determine plaintiff's medical needs than a federal court. Even if the irreparable harm factor was in plaintiff's favor, the inadequate showing of success on the merits, balance of equities, and the public's interest do not warrant preliminary relief. Accordingly, I deny his request for a TRO.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 2nd day of December, 2010.

Senior United States District Judge